Case 2:24-cv-00020   Document 15   Filed on 04/11/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 11, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE FELIPE FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00020 |
| | § | |
| MELISSA MADRIGAL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CASE FOR FAILURE TO PROSECUTE**

Plaintiff Jose Felipe Flores, appearing *pro se*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. At the time he filed this action, he was confined at the Nueces County Jail in Corpus Christi, Texas. (D.E. 1).

On January 23, 2024, the undersigned granted Plaintiff's application to proceed *in forma pauperis*. (D.E. 6). As part of this Order, the undersigned set forth that:

> The plaintiff must notify the Court of any change of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in this case being dismissed for want of prosecution.

(*Id.*, ¶ 10).

On February 20, 2024, the undersigned issued an Order Directing Plaintiff to File an Amended Complaint on or before March 20, 2024. (D.E. 7) As part of the February 20 Order, the undersigned directed Plaintiff to comply with several instructions when submitting his amended complaint. (*Id.* at 4-5). The undersigned warned Plaintiff that the

claims brought in his Original Complaint were subject to being summarily dismissed and that his failure to comply with the February 20 Order may result in the dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.* at 3, 5).

Plaintiff did not comply with the February 20 Order by submitting an amended complaint. Court records reflect that both the January 23 and February 20 orders (D.E.'s 6 & 7) mailed to Plaintiff at the Nueces County Jail have been returned with the following notations: Return to Sender, Not Deliverable as Addressed, and Unable to Forward. (D.E. 8, p. 1; D.E. 9, p. 2; D.E. 11, p. 2). It appears, therefore, that Plaintiff may no longer be confined at the Nueces County Jail.

On March 21, 2024, the undersigned ordered Plaintiff to show cause on or before April 12, 2024, why this action should not be dismissed for want of prosecution under Federal Rule of Civil Procedure 41(b). (D.E. 12). The undersigned instructed Plaintiff that he would comply with the March 21 Show Cause Order by timely filing a notice of his current mailing address and his amended complaint in compliance with every instruction set forth in the February 20 Order. (*Id.* at 2). Plaintiff was warned that his failure to comply with the March 21 Show Cause Order in a timely fashion would result in the undersigned recommending dismissal of this action for want of prosecution. (*Id.*). Court records reflect that the March 21 Show Cause Order has been returned to the Court with the following notations: Return to Sender, Not Deliverable as Addressed, and Unable to Forward. (D.E. 14).

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order.  Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).  To date, Plaintiff has not responded to either the February 20 Order (D.E. 7) or the March 21 Show Cause Order (D.E. 12).  Plaintiff has failed to follow court orders and submit his amended complaint.  He has been previously advised that this action may be dismissed for want of prosecution if he fails to comply with a court order. Furthermore, it appears that Plaintiff is no longer in custody at the Nueces County Jail and has abandoned his case by not filing a notice of change of address.  Dismissal is therefore warranted under these circumstances.

Accordingly, the undersigned respectfully recommends that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

Respectfully submitted on April 11, 2024.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).